**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| KODY HASTINGS,        ) | |
|      ID # 1747811,           ) | |
|           Plaintiff,              ) | |
| vs.                                   ) | No. 3:11-CV-2528-N-BH |
|                                         ) | |
| W.C. BORNE, et al.,         ) | |
|           Defendants.         ) | **Referred for Pretrial Management** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this action has been automatically referred for pretrial management.  Based on the relevant filings and applicable law, plaintiff's habeas claims should be **DISMISSED** without prejudice to reasserting them in a habeas petition.

**I.  BACKGROUND**

On September 27, 2011, plaintiff filed suit against Garland Police Officers W.C. Borne, V. Green, C. Stroud, L.G. Whiteside, and J.A. Aguilar under 42 U.S.C. § 1983.  He claims that the defendants violated his constitutional rights by using excessive force after his arrest for failure to identify on March 28, 2011.  (Compl. at 4, 6-12).  He claims that after he was transported to the Garland police station and booked into jail, the defendants took him into an empty room inside the jail and beat him. (Answers to Magistrate Judge's Questionnaire (MJQ), Ans. 1).[1]  They hit him in the face repeatedly, restricted his breathing with a towel around his mouth and nostrils, and made him sit for hours restrained in handcuffs that were tightened too tightly.  (MJQ, Ans. 1-5.)  He seeks monetary damages as well medical and psychiatric care and reversal of his conviction.  (MJQ Ans. 1-7, 11).

---

[1] Answers to the questions posed by the Court constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

## II.  PRELIMINARY SCREENING

Plaintiff is an inmate in the Texas prison system who has been permitted to proceed *in forma pauperis*.  As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.  *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).  Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.  A claim fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## III.  SECTION 1983

Plaintiff sues the defendants under 42 U.S.C. § 1983. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  It "afford[s] redress for violations of federal statutes, as well as of constitutional norms."  *Id.*  To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the

2

deprivation occurred under color of state law.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

## A. Habeas Relief

Plaintiff challenges his conviction for assault on a public servant (Cause No. F11-26170-P), claiming that he is innocent and was forced to sign the plea agreement.  (MJQ Ans. 8, 11; *see* www.tdcj.state.tx.us, search for petitioner) .  To the extent that he seeks release or equitable relief based on these contentions, his claims must be pursued initially in habeas corpus proceedings. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *Serio v. Members of Louisiana State Bd. Of Pardons*, 821 F.2d 1112, 1118-19 (5th Cir. 1987).  These claims should therefore be dismissed without prejudice to plaintiff asserting them in a habeas action.[2]

## B. Claims Against Police Officers

Plaintiff claims that the defendants used excessive force after his arrest on March 28, 2011, resulting in extensive bruising, nerve damage, and post-traumatic stress.

The Fourth Amendment of the United States Constitution protects individuals from excessive force during an arrest or other seizure.  *See Graham v. Conner*, 490 U.S. 386, 395 (1989).  To prevail on a claim of excessive force, a plaintiff must demonstrate that the use of force was not "applied in a good-faith effort to maintain or restore discipline", but instead, was used "maliciously and sadistically to cause harm."  *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)).

Under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), when a successful civil rights action

---

[2] Because plaintiff requests monetary relief and has clearly filed this action under § 1983, it will not be construed as a petition for a writ of habeas corpus.  Even if so construed, the action would be subject to summary dismissal for failure to exhaust state remedies because plaintiff has not filed a state writ  (*see* www.dallascounty,.org, search plaintiff's criminal background;  www.cca.courts.state.tx.us, search for plaintiff).

would necessarily imply the invalidity of a plaintiff's conviction or sentence, a complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. The Fifth Circuit has held that a civil rights complaint alleging excessive force by a police officer is barred by *Heck* when a plaintiff has been convicted in Texas state court for aggravated assault of a police officer arising out of the same incident. *Sappington v. Bartee*, 195 F.3d 234 (5th Cir. 1999). The court found that the excessive force claim necessarily implied the invalidity of the conviction because a conviction for aggravated assault requires proof that a defendant caused serious bodily injury. Under Texas law, a police officer may use force, up to and including deadly force, to resist a defendant's aggravated assault. Any force used by a police officer to defend himself against an aggravated assault therefore cannot be considered excessive force. *Id*. at 237; *see also Hainze v. Richards*, 207 F3d 795 (5th Cir. 2000) (holding that a § 1983 claim of excessive force by a police officer is *Heck*-barred where plaintiff was convicted in state court of aggravated assault arising out of the same events).

The Fifth Circuit has also held, however, that a § 1983 excessive force claim is not *Heck*-barred where the plaintiff was convicted of simple assault by menacing against the police officer because this conviction was not inconsistent with his claim that the officer used excessive force in shooting him through the mouth. *Ballard v. Burton*, 444 F.3d 391, 399-401 (5th Cir. 2006). The court noted that a judgment in Ballard's favor with respect to his excessive force claim could co-exist with his conviction for simple assault without calling into question any aspect of that conviction. *Id*. at 401. The Fifth Circuit has noted that "the *Heck* determination depends on the

4


nature of the offense and of the claim." *Arnold v. Slaughter*, 100 Fed. Appx. 321, 323 (5th Cir. 2004). More recently, the court reversed a lower court's finding that an excessive force claim was *Heck*-barred by a prior conviction for resisting arrest, holding that there was a genuine issue of material fact as to whether the plaintiff had ceased her efforts to resist arrest prior to the alleged excessive force, thereby not necessarily implying the invalidity of her conviction. *Bush v. Strain*, 513 F.3d 492, 497-99 (5th Cir. 2008).

Here, plaintiff plead guilty and was convicted of assault on a public servant against Defendant Green for biting Green in the hand at the Garland Police Department. (MJQ, Ans. 8; www.dallascounty.org, Cause No. F11-26170-P). Under Texas state law, a person is guilty of assault on a public servant, a third degree felony, if he: 1) intentionally, knowingly, or recklessly caused bodily injury to a person; 2) the person injured was a public servant; 3) the defendant knew his victim was a public servant; and 4) the victim was lawfully discharging his official duties at the time of the assault or was assaulted in retaliation for exercising his official power. *See* TEX. PENAL CODE ANN. § 22.01(a), (b)(1) (West 2009). Plaintiff was therefore not convicted of inflicting serious bodily injury on Defendant Green, or any of the other defendants, such that any force used by one of the defendants to defend himself could not as a matter of law be considered excessive.

Plaintiff alleges that the alleged biting took place while he was being beaten by the defendants, that he was not resisting before he was beaten, that his arms were held down on the ground while the defendants punched him in the face and head, and that he was left "excessively" handcuffed for hours afterwards while he screamed in pain. (MJQ, Ans. 1-5, 8). Based on plaintiff's conviction for assault and the nature of his claims against the defendants, it is possible that at least some of his factual allegations against the defendants could co-exist with his conviction

for assault without calling it into question. Plaintiff alleges the Defendant Green and the other defendants used excessive force before and after the assault. His factual allegations state a plausible claim that the defendants did not apply the force used against him in a good-faith effort to maintain or restore discipline. Plaintiff's allegations of excessive force against the defendants are therefore not frivolous or based on an indisputably meritless legal theory and state a plausible § 1983 claim.

### IV. RECOMMENDATION

The Court should **DISMISS** Plaintiff's habeas claims without prejudice to him asserting them in a habeas action. Plaintiff's excessive force claims against the defendants under 42 U.S.C. § 1983 should be permitted to proceed.

**SIGNED this 12th day of December, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6